*D. W. Guernsey,* for appellant.   *M. A. Fowler,* for respondent.

PRATT, J.   It appears that the plaintiff rendered services to some extent to her grandfather, for which he executed and delivered to her his promissory note. That the sum was large for the amount of service shown must be conceded, but the amount was fixed by the maker himself, and he had a right to make his own estimate.   It may well be, as held by the referee, that, on account of the relationship between the plaintiff and her grandfather, no promise would be implied to remunerate her for services.   But it cannot be said that a claim for such remuneration would be so clearly unfounded that its extin-guishment would be no consideration for a promise.   The services continued after the note was made, and the circumstances indicate that the continuance of the services may have been, to some extent, a moving cause.   The reiterated expressions of Mr. Titus that he wished the note paid, his employing counsel to insure its validity, have weight towards proving a consideration, and it must be remembered that a consideration is implied by law.   It was for the defendant to prove affirmatively that no consideration existed.   We think not only that he failed to do so, but that a sufficient consideration is affirma-tively made out.   It follows that the order appealed from should be reversed, and the motion to vacate the referee's report should be granted, with costs to plaintiff of the general and special terms.

---

*In re* WHITNEY'S ESTATE.

*(Supreme Court, General Term, Second Department.   July 2, 1891.)*

EXECUTORS AND ADMINISTRATORS—DISPUTED CLAIMS—REFERENCE.

   A note executed by a decedent was presented to the administrators in 1888, and was rejected by them in 1889.   The note was apparently barred by limitation when decedent died, but was alleged to have been revived by a payment within the statutory period.   *Held,* that the claim against decedent's estate was a disputed claim, and the surrogate properly postponed an accounting by the administrators until the validity of such claim should be determined on a reference ordered for that purpose.

Appeal from surrogate's court, Westchester county.

Application by Mary A. Whitney for the judicial settlement of the accounts of Constant White and Isabel Whitney, as administrators of Seth Whitney, deceased.   Petitioner presented to the administrator a note of decedent for $600 as a claim against the estate, and the claim was by them rejected.   The surrogate held that the claim was disputed, and that it should "be referred under the statute, and all further proceedings herein suspended, until the re-sult of such reference be made known."   Petitioner appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Abram J. Miller,* for appellant.   *Franklin Couch,* for respondents.

BARNARD, P. J.   The petitioner claims to hold a note for $600, upon which there is interest due from March 1, 1886, against Seth Whitney, deceased.   As such creditor he presented a petition asking for a judicial settlement of the ac-counts of the administrators.   The administrators deny the debt.   It appears that the claim was presented to the administrators in June, 1888, and it was finally rejected in July, 1889.   The note was given in 1877, and was ap-parently barred by the statute of limitations when Whitney died.   The claim is to be revived by a payment which is disputed.   An administrator cannot allow a claim which is barred by the statute, and, while it was a long time be-fore the claim was finally rejected, it was never really admitted.   Under the

circumstances the surrogate's order that the claim be deemed a disputed claim and the accounting postponed until after the claim is established, was just and proper, and his decree should be affirmed, with costs. All concur.